ROGER, PETITIONER, v. LÓPEZ ACOSTA, DISTRICT JUDGE,
RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District
Court of Guayama in an Action of Unlawful Detainer.

No. 290.—Decided June 3, 1920.

UNLAWFUL DETAINER—LEASE—JURISDICTION.—A lessee who continues in posses-
sion of the leased property after the contract has expired cannot allege that
his possession was precarious, and if the annual rent is one thousand dollars
or less a municipal court has jurisdiction. Otherwise municipal courts would
be deprived of their jurisdiction at the will of a lessee.

The facts are stated in the opinion.

*Messrs. C. Domínguez Rubio* and *F. Navarro* for the
petitioner.

*Messrs. M. M. Morales* and *B. Sánchez* for the defendant
and intervenor.

MR. JUSTICE WOLF delivered the opinion of the court.

On the original examination of the petition of certiorari
in this case we were under the impression that with the ex-
ception of the matters set forth in paragraph four all the
other averments were matters neither of procedure nor of
jurisdiction and the receipt of the record of the court below
has not caused us to change our opinion in this regard.

The doubt we entertained was whether this unlawful de-
tainer suit was of a precarious nature or not. If it was,
then the complainant had no right to begin his action in
a municipal court. From the complaint filed in the munici-
pal court, which is the only matter we have a right to con-
sider, it appears that the complainants recognized and rati-
fied a lease made by another in their name for six months,
at a monthly rental of $38, but refused to agree to the ex-
tension. Now while there might have been a question of
whether an extension was granted or not, or whether there
was not a tacit renewal (*tácita reconducción*), the fact is
set forth in the complaint that the complainants were trying
to put an end to a lease, the defendants being notified to

quit. The defendant was claiming as a lessee under a fixed amount of rental and the second cause of action set up a failure to pay rent. Where a tenant holds over, such possession is not generally of a precarious nature. Otherwise every attempt to recover at the expiration of a lease would at the election of the tenant become precarious and defeat the jurisdiction of a municipal court.

The writ must be annulled.

*Writ discharged.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.